## J. W. SMISER v. W. H. INSKEEP.

**Construction of a Statute a Property Right.**

Where a statute has long had a certain construction given to it by the courts and to change such construction would unsettle land titles, such construction amounts to a property right and should be followed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 29, 1884.

OPINION BY JUDGE PRYOR:

The case of *Mahoney v. McGee,* 5 Bush, 527, has been so long followed by this court as well as the circuit courts of the state that to disregard it at this late day would be to unsettle the title to much real estate acquired under such sales and to produce that mischief which no court or chancellor could remedy. It is the construction of the act of January 12, 1866, and has been followed from its enactment up to the present time. If the legislative construction of the General Statutes by the act of March 17th, 1876, is not to be considered as superseding the Broaddus case, it will be found

that in every circuit in the state these curative statutes have been followed as if they constituted a part of the General Statutes. Nor is it to be conceded under the rule laid down in the Broaddus case that a curative statute applicable not only to sales of infant's real estate but to the estates of those laboring under disabilities is to be regarded as repealed by the General Statutes. The statutes in regard to the sales of real estate belonging to infants point out the mode only in which such property is to be sold. They profess to do nothing more, and any other requirement or step to be taken in order to obtain the judgment of the Chancellor for that purpose existing prior to the adoption of the General Statutes, must be considered as repealed.

The act of January, 1866, is in regard to defective sales of real estate. The purpose is to remedy defective sales of those laboring under disabilities whether infants or married women, and is not necessarily connected with the chapter in regard to the sale of infant's real estate by the Chancellor. Such has been, we might say, the uniform construction given the statute by this court and the circuit courts.

They have proceeded to cure such irregularities as if the act of January 12, 1866, had been incorporated into the General Statutes. Conceding therefore that the act of January 16, 1882, provides the only manner in which a resident infant under fourteen years of age is brought into court as a defendant, still, as the title was perfect by reason of the curative proceedings, when the exceptions to the sale was disposed of or the sale set aside, the purchaser should have been compelled to accept the property.

Besides as this proceeding is merely one of remedy and no provision of the Civil Code of Practice conflicting with it, or substituted for it, may it not be maintained that the act of January 12, 1866, has not been repealed by section 838 of the Code but remains in force as a part of the civil procedure of the state.

The petition is *overruled.*

*Bronston & Kinkead, for appellant.*

*Buckner & Allen, Woolley & Buckner, for appellee.*